Docket No. 12 Civ. 9047 (WHP)(MHD)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHNNY PAGAN,

                                                      Plaintiff,

                        -against-

MORRISANIA NEIGHBORHOOD FAMILY
HEALTH CENTER,

                                                      Defendant.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*

*Attorney for Defendant*
*100 Church Street, Room 2-186*
*New York, N.Y.  10007*

*Of Counsel:  Leah S. Schmelzer*
*Tel:  (212) 356-2016*
*Matter No.  2013-005547*

Bruce Rosenbaum,
Leah S. Schmelzer,
  Of Counsel.

**Page**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................. ii

PRELIMINARY STATEMENT ....................................................................................... 1

STATEMENT OF FACTS ................................................................................................ 2

ARGUMENT ...................................................................................................................... 7

      POINT I ..................................................................................................................... 7

            PLAINTIFF'S SHRL AND CHRL CLAIMS ARE
            TIME-BARRED BY THE APPLICABLE
            STATUTE OF LIMITATIONS ..................................................... 7

      POINT II .................................................................................................................. 10

            THE AMENDED COMPLAINT MUST BE
            DISMISSED FOR FAILURE TO STATE A
            CLAIM THAT IS PLAUSIBLE ON ITS FACE ........................ 10

            A.   The Applicable Standard In Reviewing A Rule
                 12(b)(6) Motion To Dismiss ............................................ 10

            B.   Plaintiff Has Not Stated a Claim For Age
                 Discrimination ................................................................. 12

            C.   Plaintiff Has Not Stated a Claim For Disability
                  Discrimination ................................................................. 14

CONCLUSION ................................................................................................................ 21

## TABLE OF AUTHORITIES

**CASES**                                                                 **PAGES**

Abdu-Brisson v. Delta Air Lines, Inc,
   239 F.3d 456 (2d Cir. 2001) ...............................................................................14

Anatsui v. Food Emporium,
   No. 99 Civ. 1337 (JGK), 2000 U.S. Dist. LEXIS 12610 (S.D.N.Y. Sept. 1, 2000)...................9

Ashcroft v. Iqbal,
   556 U.S. 662, 129 S. Ct. 1937 (2009) ...................................................................10

Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,
   459 U.S. 519 (1983) ......................................................................................10

Bell Atlantic Corp. v. Twombly,
   550 U.S. 544 (2007) ......................................................................................10

Bir v. Pfizer, Inc.,
   No. 12 Civ. 0648, 2013 U.S. App. LEXIS 2302 (2d Cir. Jan. 31, 2013)................................11

Brady v. Wal-Mart Stores, Inc.,
   531 F.3d 127 (2d Cir. 2008) ...............................................................................15

Brass v. American Film Technologies, Inc.,
   987 F.2d 142 (2d Cir. 1993) .................................................................................2

Carlton v. Mystic Transp., Inc.,
   202 F.3d 129 (2d Cir. 2000) ...............................................................................12

Chambers v. Time Warner, Inc.,
   282 F.3d 147 (2d Cir. 2002) .................................................................................2

Chambers v. TRM Copy Ctrs. Corp.,
   43 F.3d 29 (2d Cir. 1994) .................................................................................13

Chang v. City of New York Dep't for the Aging,
   No. 11 Civ. 7062 (PAC)(JLC), 2012 U.S. Dist. LEXIS 50436 (S.D.N.Y. April 10,
   2012), report & rec. adopted, 2012 U.S. Dist. LEXIS 82972 (S.D.N.Y. June 14, 2012)....11, 13

Clarke v. Intercontinental Hotels Grps. PLC,
   No. 12 Civ. 2671 (JPO), 2013 U.S. Dist. LEXIS 76208 (S.D.N.Y. May 30, 2013) ...................8

Cooper v. N.Y.S. Dept. of Human Rights,
   986 F. Supp. 825 (S.D.N.Y. 1997) .......................................................................19

Davis v. New York City Dep't of Educ.,
    No. 10 Civ. 3812 (KAM)(LB), 2012 U.S. Dist. LEXIS 5633
    (E.D.N.Y. Jan. 18, 2012) ............................................................................15, 16, 18

Davis-Bell v. Columbia Univ.,
    851 F. Supp. 2d 650 (S.D.N.Y. 2012) .........................................................................8

Deng v. Aramark Educ. Group.,
    No. 04 Civ. 5670, 2006 U.S. App. LEXIS 10123 (2d Cir. April 19, 2006) ................8

DiFolco v. MSNBC Cable L.L.C.,
    622 F.3d 104 (2d Cir. 2010) ........................................................................................2

Elec. Comm. Corp. v. Toshiba America Consumer Prods., Inc.,
    129 F.3d 240 (2d Cir. 1997) ......................................................................................10

Esposito v. Deutsche Bank AG,
    No. 07 Civ. 6722 (RJS),  2008 U.S. Dist. LEXIS 1013460 (S.D.N.Y. Dec. 16, 2008) ..............8

Forrest v. Jewish Guild for the Blind,
    3 N.Y.3d 295 (2004)...................................................................................................11

Gorzynski v. JetBlue Airways Corp.,
    596 F.3d 93 (2d Cir. 2010) ...................................................................................11, 12

Gross v. FBL Fin. Servs., Inc.,
    557 U.S. 167 (2009) ...................................................................................................12

Hansberry v. Father Flanagan's Boys' Home,
    No. 03 Civ. 3006 (CPS), 2004 U.S. Dist. LEXIS 26937 (E.D.N.Y. Nov. 28, 2004)................18

Harris v. NYU Langone Med. Ctr.,
    No. 12 Civ. 0454(RA) (JLC), 2013 U.S. Dist. LEXIS 99328 (S.D.N.Y. July 9, 2013)......15, 16

Holowecki v. Fed. Express Corp.,
    382 F. App'x 42 (2d Cir. 2010) .................................................................................11

Kirkweg v. New York City Dep't of Educ.,
    No. 12 Civ. 2635 (WHP), 2013 U.S. Dist. LEXIS 55042 (S.D.N.Y. April 4, 2013)..........12, 13

Kravar v. Triangle Servs.,
    2009 U.S. Dist. LEXIS 26459 (S.D.N.Y. Mar. 27, 2009)..........................................16

Lama v. Consolidated Edison Co.,
    1999 U.S. Dist. LEXIS 16966 (E.D.N.Y. Oct. 18, 1999)...........................................19

Laurent v. G & G Bus Serv., Inc.,
    No. 10 Civ. 4055 (JGK)(LMS), 2011 U.S. Dist. LEXIS 77138 (S.D.N.Y. May 17,
    2011), report & rec. adopted, 2011 U.S. Dist. LEXIS 74348 (S.D.N.Y. July 11, 2011) ..........16

Lee v. Sony BMG Music Entm't, Inc,
    557 F. Supp. 2d 418 (S.D.N.Y. 2008) ........................................................................16, 17, 19

Leibowitz v. Cornell Univ.,
    584 F.3d 487 (2d Cir. 2009) ....................................................................................................13

Mabry v. Neighborhood Defender Serv.,
    769 F. Supp. 2d 381 (S.D.N.Y. 2011) ....................................................................................12

McDonnell Douglas Corp. v. Green,
    411 U.S. 792 (1973) ................................................................................................................11

Melman v Montefiore Med. Ctr.,
    98 A.D.3d 107, 946 N.Y.S.2d 27 (1st Dep't 2012) ................................................................11

Mikinberg v. Bemis Co.,
    No. 12 Civ. 850 (KBF), 2013 U.S. Dist. LEXIS 5995, at *10 (S.D.N.Y. Jan. 15, 2013) .........12

Munoz-Nagel v. Guess, Inc.,
    No. 12 Civ. 1312 (ER), 2013 U.S. Dist. LEXIS 61710 (S.D.N.Y. April 30, 2013)............11, 14

O'Connor v. Viacom Inc.,
    No. 93 Civ. 2399, 1996 U.S. Dist. LEXIS 5289 (S.D.N.Y. Apr. 23, 1996),
    aff'd, 104 F.3d 356 (2d Cir. 1996) ..........................................................................................14

Owens v. Longo,
    No. 06 Civ. 0281 (GLS)(DRH), 2008 U.S. Dist. LEXIS 985 (N.D.N.Y. Jan. 7, 2008)) ..........18

Papasan v. Allain,
    478 U.S. 265 (1986) ................................................................................................................10

Posner v. Sprint/United Mgmt. Co.,
    478 F. Supp. 2d 550 (S.D.N.Y. 2007) ....................................................................................14

Quintero v. Rite-Aid of N.Y., Inc.,
    No. 09 Civ. 6084 (JLC), 2011  U.S. Dist. LEXIS 130920 (S.D.N.Y. Nov. 10, 2011).............18

Reeves v. Johnson Controls World Servs.,
    140 F.3d 144 (2d Cir. 1998) ....................................................................................................16

Sackey v. City of New York,
    No. 04 Civ. 275 (WHP) 2006 U.S. Dist. LEXIS 5483 (S.D.N.Y. Feb. 15, 2006),
    aff'd, 293 Fed Appx. 89 (2d Cir. 2008)......................................................................................7

Sebastian v. New York City Health & Hosps. Corp.,
   221 A.D.2d 294 (1st Dep't 1995) ................................................................7

Shamilov v. Human Res. Admin.,
   No. 10 Civ. 8745 (PKC), 2011 U.S. Dist. LEXIS 141014  (S.D.N.Y. Dec. 6, 2011) .........11, 12

Spiegel v. Schulmann,
   604 F.3d 72 (2d Cir. 2010) ................................................................16

Vinokur v. Sovereign Bank,
   701 F. Supp.2d 276 (S.D.N.Y. 2010) ................................................19

Weeks v. New York State (Div. of Parole),
   273 F. 3d 76 (2d Cir. 2001) ................................................................19

White v. Sears, Roebuck & Co.,
   2009 U.S. Dist. LEXIS 35554 (E.D.N.Y. Apr. 27, 2009) ........................16

Williams v. New York City Hous. Auth.,
   61 A.D.3d 62 (1st Dep't), appeal denied, 13 N.Y.3d 702 (2009) ............11

Wolf v. Time Warner, Inc.,
   No. 09 Civ. 6549 (RJS), 2012 U.S. Dist. LEXIS 136436 (S.D.N.Y. Sept. 17, 2012)) .......12, 13

**STATUTES**

29 U.S.C. §§ 621 et seq. ................................................................1

42 U.S.C. §§ 12101, et seq. ................................................................1

42 U.S.C. §§ 12101-12102. ................................................................15

42 U.S.C. § 12102(1) ................................................................15

42 U.S.C. § 12102(2)(A) ................................................................15

42 U.S.C. § 12102(3)(A) ................................................................16

42 U.S.C. § 12112(a) ................................................................14

Fed. R. Civ. P. 12(b)(2) ................................................................2

Fed. R. Civ. P. 12(b)(6) ................................................................2, 10, 11

Local Civil Rights Restoration Act of 2005,
   New York City, N.Y., Loc. Laws No. 85 (2005) ................................11

N.Y. CITY ADMIN. CODE §§ 8-101 et seq. ................................................1

N.Y. CITY ADMIN. CODE § 8-102(16)(a). ...................................................................16

N.Y. CITY ADMIN. CODE § 8-102(16)(b)(1) ...........................................................16

N.Y. CITY ADMIN. CODE § 8-502(a)..........................................................................9

N.Y. CITY ADMIN. CODE § 8-502(d)......................................................................7, 8

N.Y. C.P.L.R. § 214......................................................................................................8

N.Y. EXEC. LAW §§ 290 et seq.....................................................................................1

N.Y. EXEC. LAW § 292(21)...........................................................................................16

N.Y. EXEC. LAW §§ 296(a), (e)....................................................................................7

N.Y. EXEC. LAW § 297(9).............................................................................................7

N.Y. GEN. MUN. LAW § 50-i.........................................................................................7

NY Unconsolidated Laws § 7401(2)..............................................................................7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JOHNNY PAGAN,

                              Plaintiff,        12 Civ. 9047 (WHP) (MHD)

          -against-

MORRISANIA NEIGHBORHOOD FAMILY HEALTH
CENTER,

                              Defendant.

------------------------------------------------------------------------ x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT

### PRELIMINARY STATEMENT

Plaintiff Johnny Pagan, formerly employed by Morrisania Neighborhood Family Health Center ("Morrisania"), a facility of the New York City Health and Hospitals Corporation ("HHC"), brings this action raising claims under the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), 29 U.S.C. §§ 621 et seq., the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., the New York State Human Rights Law ("SHRL"), N.Y. EXEC. LAW §§ 290 et seq., and the New York City Human Rights Law ("CHRL"), N.Y. CITY ADMIN. CODE §§ 8-101 et seq.  Specifically, Plaintiff alleges that he was discriminated against based upon his age and disability, following a medical leave of absence to undergo wrist surgery, in violation of these statutes, when his office was allegedly reassigned to someone else without explanation, he was given negative performance reviews in an allegedly untimely manner, and he was terminated.

Defendant Morrisania now moves this Court, pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), to dismiss the amended complaint in its entirety on several grounds. First, Plaintiff's claims under the SHRL and the CHRL are time-barred as plaintiff failed to bring this action within three years of his termination in accordance with the applicable statute of limitations, which was not tolled during the pendency of Plaintiff's claim with the EEOC. Second, the amended complaint fails to state a claim for relief that is plausible on its face.

## STATEMENT OF FACTS[1]

Plaintiff was born on June 10, 1941, and self-identifies as a Hispanic male. See Amended Complaint at ¶ 7. Plaintiff was initially hired by HHC as a Coordinating Manager at its Morrisania facility in July 1998 and served in that capacity until his retirement October of 2003. Plaintiff alleges that his retirement in October 2003 followed an August 2002 diagnosis of prostate cancer which, along with heart disease, high blood pressure, diabetes, and other ailments, required his subsequent hospitalization. Id. at ¶ 8. Plaintiff further notes that prior to his employment with Morrisania, he had received a coronary stent implant. Id. Plaintiff does

---

[1] For purposes of this Motion to Dismiss only, the material factual allegations set forth in the Complaint are assumed true and will form the basis for the statement of facts herein. See also DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) (in reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court may consider: (1) the facts alleged in the complaint, (2) documents attached to the complaint as exhibits, (3) documents incorporated by reference in the complaint, and (4) documents where "the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint") (citation omitted); Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (in reviewing a motion to dismiss a complaint, "a court may consider 'documents attached to the complaint as an exhibit or incorporated in it by reference, ... matters of which judicial notice may be taken, or ... documents in either plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit'") (citing Brass v. American Film Technologies, Inc., 987 F.2d 142, 150 (2d Cir. 1993)).

not provide any facts or details regarding any of these conditions and the limitations, if any, they impose on his daily activities or that defendant knew the details of his medical condition.

In April 2007, following this retirement, Plaintiff was re-hired by HHC as the Assistant Director of the Administration Outreach Department at Morrisania. Plaintiff alleges he was re-hired by the then-Senior Vice President of the Generations+/Northern Manhattan Health Network, which includes Defendant Morrisania. Id. at ¶ 9. In this position, Plaintiff's job responsibilities included visiting community organizations, churches, businesses, and other groups to provide information concerning services and activities available through Morrisania, as well as conducting needs assessments, organizing community activities, and preparing monthly reports. Id. Plaintiff alleges that at the time he was rehired, the position of Director of Administration of Outreach was vacant so he assigned to report to Nancy Hernandez, the Associate Executive Director of Morrisania. Id. at ¶ 11.

Plaintiff alleges that at all times throughout his employment with Morrisania, he "was qualified for his position and performed his duties in a professional and competent manner." Id. at ¶ 10. Plaintiff alleges that he organized multiple community outreach programs, including breast cancer and prostate cancer screening campaigns in March and July of 2007, that he participated in the Take Care New York Campaign as an outreach supervisor in October of 2007, and that he participated in a Flu Shot Vaccine Campaign as an outreach supervisor in November of 2007. Id. at ¶¶ 12-14. Plaintiff further alleges that he received written praise from Ms. Hernandez for his efforts in regards to the Take Care New York Campaign, which he alleges was "exceptionally successful" and that he received personal congratulations from Morrisania's Director of Medical Affairs and Chief of Staff for his participation in the Flu Shot Vaccine Campaign. Id. at ¶¶ 13-14. Additionally, Plaintiff alleges that during his employment with

Morrisania, he received "countless letters from community leaders and officials, as well as board members at Morrisania, expressing congratulations, appreciation and praise for his work." <u>Id.</u> at ¶ 15.

In November 2007, Ms. Hernandez issued Plaintiff a "fully competent" performance rating for April 30, 2007, through October 30, 2007 rating period. <u>Id.</u> at ¶ 16. Shortly thereafter, in or around February 2008, Plaintiff alleges that his job responsibilities were changed to include telephone outreach. The purpose of this telephone outreach was to reduce Morrisania's patient no-show rates. <u>Id.</u> at ¶ 17.

In or around April of 2008, Plaintiff alleges that he took a medical leave of absence to undergo surgery on his wrist. <u>Id.</u> at ¶ 18. Plaintiff does not allege any facts or details as to his medical condition or the reason for his wrist surgery, the duration of any such medical condition associated with his wrist, or any limitations placed upon Plaintiff because of such condition. <u>See generally</u> Amended Complaint.

Plaintiff remained out on medical leave until August 2008. Plaintiff alleges that upon his return, in August of 2008, he found that his office had been reassigned to someone else without explanation. <u>Id.</u> at ¶ 18.

Approximately nine months later, on May 4, 2009, Plaintiff alleges that Ms. Hernandez completed four performance reviews for Plaintiff, at least two of which were untimely with no explanation provided as to why they were completed late. <u>Id.</u> at ¶¶ 19-21. For the October 30, 2007, through April 30, 2008 rating period, Plaintiff alleges that Ms. Hernandez rated him as "fully competent." <u>Id.</u> at ¶ 20. Plaintiff further alleges that Ms. Hernandez noted in the review that the rating should have been "needs improvement" but because he was not timely

evaluated, the rating was to remain at "fully competent." Id. at ¶ 20.  Plaintiff alleges that no explanation given for this untimely evaluation.  Id.

For the rating period July 1, 2008, though September 30, 2008, Plaintiff alleges Ms. Hernandez gave him an overall "needs improvement" rating, despite assigning him "half a dozen 'superior' sub-ratings." Id. at ¶ 21.  Plaintiff further alleges that this rating was also, without explanation, not completed in a timely manner.  Id.  Plaintiff also alleges that he received a rating of "needs improvement" for the September 30, 2008, through December 31, 2008, and the December 31, 2008, through March 31, 2009 rating periods. Id. at ¶ 22.

On May 7, 2009, Plaintiff alleges that his responsibilities were again changed and he was assigned to oversee the Dental, Podiatry and Laboratory Clinics. Id. at ¶ 23.  Plaintiff alleges that Ms. Hernandez informed him of his change in responsibilities, she said that she had "bad news." Id.  In this new role, Plaintiff was to report to Ms. Nancy Gonzalez, Senior Associate Director of Morrisania, who, in turn, reported to Ms. Hernandez. Id. at ¶ 24.  The Clinics to which Plaintiff was assigned utilized Webtram, Unity and Dentrix Systems.  Plaintiff alleges that, despite his requests, he was not provided with the necessary training in these systems. Id. at ¶ 25.

Plaintiff alleges that Ms. Gonzalez made "discriminatory remarks" to him on a regular basis, commencing in May 2009 and continuing until his termination three months later. Id. at ¶ 26.  Plaintiff alleges that these "discriminatory remarks" consisted of "asking him why he did not retire, particularly given his illness" and telling him, "you are sick, do not get sick in this moment." Id.  In July of 2009, Plaintiff alleges that Ms. Gonzalez rated him as "needs improvement" for the July 1, 2009, through June 30, 2010, rating period. Id. at ¶ 27.

On or about August 11, 2009, Plaintiff alleges that Ms. Hernandez requested the termination of his employment on the basis that he had received five "needs improvement" ratings on five performance reviews. Id. at ¶ 28. However, Plaintiff alleges that four of these performance reviews were prepared in May 2009, "well after the relevant review periods", one of the reviews rated Plaintiff has "fully competent," and the most recent review "addressed [Plaintiff's] three months of work in the Clinics during which time he had received no training." Id. Plaintiff alleges that, on or about August 12, 2009, he was informed that his employment was terminated effective August 26, 2009. Id. at ¶ 29.

Plaintiff subsequently filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about February 19, 2010. Id. at ¶ 4. Plaintiff does not allege that he filed a complaint with the State Division of Human Rights ("SDHR") or the City Commission for Human Rights ("CCHR") at this time nor does Plaintiff allege that his EEOC charge of discrimination was cross-filed with either of these agencies.[2] See generally Amended Complaint. On October 24, 2012, Plaintiff received a Notice of Right to Sue ("right-to-sue letter") from the EEOC. Id.

On December 12, 2012, Plaintiff filed a Complaint *pro se* with the United States District Court, Southern District of New York, alleging violations of the ADA, ADEA, Title VII of the Civil Rights Act of 1964 ("Title VII"), the SHRL and the CHRL. Subsequently, Plaintiff obtained counsel, who filed the instant Amended Complaint on June 7, 2013.

---

[2] Plaintiff does allege that he served a copy of the Amended Complaint, dated June 7, 2013, upon the CCHR prior to filing it with the Court but does not allege that any complaint was filed with the CCHR or the SDHR prior to this time.

## ARGUMENT

### POINT I

### PLAINTIFF'S SHRL AND CHRL CLAIMS ARE TIME-BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS

Claims in New York against HHC brought pursuant to the SHRL and the CHRL must be filed within three years of the alleged discriminatory acts. See Sebastian v. New York City Health & Hosps. Corp., 221 A.D.2d 294 (1st Dep't 1995) (the notice of claim provisions and, accordingly, the one-year and ninety day limitations period set forth in NY Unconsolidated Laws § 7401(2) do not apply to SHRL actions against HHC) (SHRL); N.Y. CITY ADMIN. CODE § 8-502(d) (CHRL)[3]. However, where a plaintiff has filed a complaint with the SDHR or the CCHR, this statute of limitations is tolled during the pendency of the complaint with those New York agencies. See Sackey v. City of New York, No. 04 Civ. 275 (WHP) 2006 U.S. Dist. LEXIS 5483 (S.D.N.Y. February 15, 2006), aff'd, 293 Fed Appx. 89 (2d Cir. 2008). This exception to the statute of limitations is reflected in the SHRL and CHRL themselves, which specifically carves out this tolling exception, providing that "[u]pon the filing of a complaint with the city commission on human rights or the state division of human rights and during the pendency of such complaint and any court proceeding for review of the dismissal of such complaint, such three year limitations period shall be tolled." N.Y. CITY ADMIN. CODE § 8-502(d); see also N.Y. EXEC. LAW §§ 296(a), (e).

Notably, these statutes do *not* carve out such an exception when a complaint is filed with the EEOC. See id. This omission is significant, especially where the Second Circuit

---

[3] Defendants note that the New York Court of Appeals has not yet ruled on whether the statute of limitations for SHRL and CHRL actions against HHC or against the City of New York is three years or is governed by the one year and ninety day statutes of limitations set forth in NY Unconsolidated Laws § 7401 and by NY General Municipal Law § 50-i respectively.

has not yet definitively decided the issue.  However, in a summary order, the Second Circuit appeared to hold that such an exception did not apply when a complaint was only filed with the EEOC and not with the state or local human rights agencies.  See Deng v. Aramark Educ. Group., No. 04 Civ. 5670, 2006 U.S. App. LEXIS 10123 (2d Cir. April 19, 2006).  In Deng, the Second Circuit upheld the dismissal of the state law claims as time-barred where the plaintiff *had* filed a charge with the EEOC, noting that "the district court properly concluded that the statute of limitations should not be tolled as to these claims given that [the plaintiff] failed to file a formal a complaint with the Suffolk County Human Rights Commission." Id. at *3.

Moreover, while courts at the district level are split on this issue, in those cases where the district courts have erroneously found that tolling applied to the plaintiff's SHRL and CHRL claims, those courts also cited the relevant state and local statutes which, as explained above, do not carve out this tolling exception for filings with the EEOC.  See Clarke v. Intercontinental Hotels Grps. PLC, No. 12 Civ. 2671 (JPO), 2013 U.S. Dist. LEXIS 76208 (S.D.N.Y. May 30, 2013) (citing Davis-Bell v. Columbia Univ., 851 F. Supp. 2d 650, 680 (S.D.N.Y. 2012) (citing C.P.L.R. § 214; N.Y. CITY ADMIN. CODE § 8-502(d)); Esposito v. Deutsche Bank AG, No. 07 Civ. 6722 (RJS),  2008 U.S. Dist. LEXIS 1013460 at *11 (S.D.N.Y. December 16, 2008) (citing N.Y. EXEC. LAW § 297(9); N.Y. CITY ADMIN. CODE § 8-502(d)). Interestingly, despite its holding to the contrary, the Esposito Court acknowledged that the Second Circuit's holding in Deng indicates that the statute of limitations for SHRL and CHRL claims may *not* be tolled during the pendency of a complaint filed with the EEOC. See Esposito, 2008 U.S. Dist. LEXIS 1013460 at *15-*16 n.4.

The election of remedies doctrine as applied to SHRL and CHRL claims further explains the rationale for the statutes' tolling exception as applied to complaints filed with the

SDHR and CCHR but not with the EEOC.  Specifically, "a party who has filed a complaint with the New York City Commission on Human Rights or the New York State Division of Human Rights claiming to be aggrieved by an unlawful discriminatory practice is precluded from filing a claim under the [CHRL] in any court for damages from that unlawful discriminatory practice." Anatsui v. Food Emporium, No. 99 Civ. 1337 (JGK), 2000 U.S. Dist. LEXIS 12610 at *16 (S.D.N.Y. September 1, 2000) (citing N.Y. CITY ADMIN. CODE § 8-502(a)).  However, that same preclusion against filing a SHRL or CHRL claim does *not* apply when a party files a claim with the EEOC.  Accordingly, a plaintiff who files a complaint with the EEOC, but not with the SDHR or the CCHR, is not precluded from filing his SHRL and CHRL claims in state court while his EEOC claim is pending and therefore tolling the SHRL and CHRL claims during the pendency of the EEOC investigation serves no purpose.

Here, Plaintiff alleges that he received notice of his termination on August 12, 2009 and he filed his complaint with the EEOC on or about February 19, 2010.  However, nowhere does Plaintiff allege that his EEOC complaint was cross-filed with the SDHR or CCHR or that he filed a complaint with the SHRL and CHRL separately prior to the filing of his initial complaint with the Court on December 12, 2012, three years and three months after he received notice of his termination.  Accordingly, given the facts as pled in the Amended Complaint, there was no bar to plaintiff filing his SHRL and CHRL claims in this court or in state court during the pendency of his EEOC charge, and the statute of limitations for Plaintiff's SHRL and CHRL claims was not tolled.  As such, Plaintiff's SHRL and CHRL claims are barred by the three-year statute of limitations as must be dismissed.

## POINT II

## THE AMENDED COMPLAINT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM THAT IS PLAUSIBLE ON ITS FACE

**A.      The Applicable Standard In Reviewing A Rule 12(b)(6) Motion To Dismiss**

The facts set forth in the complaint "must be enough to raise a right to relief above the speculative level[.]"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).  A party's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions . . . ."  Id. (internal quotation marks and alteration omitted).  The Supreme Court most recently explained the standard in Ashcroft v. Iqbal stating that, "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'. . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  Conclusory statements fail to meet the pleading standard set forth in Iqbal and Twombly. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. at 679 (quoting Twombly, 550 U.S. at 557).

These pleading standards must be read together with the familiar Rule 12(b)(6) admonition that courts may neither (i) "'assume that the [Plaintiff] can prove facts that [he] has not alleged,'" Elec. Comm. Corp. v. Toshiba America Consumer Prods., Inc., 129 F.3d 240, 243 (2d Cir. 1997) (quoting Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983)) (alteration in original), nor (ii) "accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986) (citation omitted). Therefore, a complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure where it fails to plead enough facts to demonstrate a plausible entitlement to relief. See Iqbal, 129 S. Ct. at 1949.

    In cases like the Plaintiff's, which allege violations of the ADEA and ADA, the Second Circuit continues to apply the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 801 (1973). See Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 106 (2d Cir. 2010); Holowecki v. Fed. Express Corp., 382 F. App'x 42, 45 n.2 (2d Cir. 2010) ("Unless and until the Supreme Court instructs us to do otherwise, we will continue to apply McDonnell Douglas to claims arising under the ADEA."); Munoz-Nagel v. Guess, Inc., No. 12 Civ. 1312 (ER), 2013 U.S. Dist. LEXIS 61710 at *11 n.5 (S.D.N.Y. April 30, 2013) (citations omitted).[4]  Additionally, for purposes of a Rule 12(b)(6) motion to dismiss, a plaintiff does not need to establish a *prima facie* case of discrimination in his complaint.  Nevertheless, in order to plausibly state a claim for relief, the plaintiff must allege the essential elements of his age or disability discrimination claim so as to provide the employer-defendant with notice of his claim. See Chang v. City of New York Dep't for the Aging, No. 11 Civ. 7062 (PAC)(JLC), 2012 U.S. Dist. LEXIS 50436 at *16 (S.D.N.Y. April 10, 2012), report & rec. adopted, 2012 U.S. Dist. LEXIS 82972 (S.D.N.Y. June 14, 2012); Shamilov v. Human Res. Admin., No. 10 Civ. 8745

---

[4] Plaintiff's SHRL and CHRL claims also fail to state a cause of action for the reasons set forth below.  First, plaintiff's SHRL claims are analyzed in substantially the same manner as his federal claims.  See Bir v. Pfizer, Inc., No. 12-0648-cv, 2013 U.S. App. LEXIS 2302, *2 n.1 (2d Cir. Jan. 31, 2013) (summary order); Forrest v. Jewish Guild for the Blind, 3 N.Y.3d 295, 305 (2004).  Further, notwithstanding the broader interpretation given to the CHRL as a result of the Local Civil Rights Restoration Act of 2005, New York City, N.Y., Loc. Laws No. 85 (2005), see Williams v. New York City Hous. Auth., 61 A.D.3d 62 (1st Dep't), appeal denied, 13 N.Y.3d 702 (2009), the continued viability of the shifting burden McDonnell Douglas framework for analyzing CHRL claims has been recently affirmed by the Appellate Division, First Department. See Melman v Montefiore Med. Ctr., 98 A.D.3d 107, 112-13, 946 N.Y.S.2d 27, 30 (1st Dep't 2012) (noting the continued applicability of the McDonnell Douglas framework in analyzing claims under the CHRL).

(PKC), 2011 U.S. Dist. LEXIS 141014 at *19 (S.D.N.Y. December 6, 2011); <u>Mabry v. Neighborhood Defender Serv.</u>, 769 F. Supp. 2d 381 (S.D.N.Y. 2011).

Applying this standard, as explained more fully below, Plaintiff's Amended Complaint fails to state a claim that is plausible on its face and therefore must be dismissed.

**B.    Plaintiff Has Not Stated a Claim For Age Discrimination**

"The ADEA makes it unlawful for an employer to 'fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, *because of* such individual's age.'" <u>Shamilov</u>, 2011 U.S. Dist. LEXIS 141014 at *19 (citing 29 U.S.C. § 623(a)(1)) (emphasis added).   "The Supreme Court recently clarified that the words 'because of,' in the ADEA, require age to have been 'the 'reason' that the employer decided to act.'"  <u>Mikinberg v. Bemis Co.</u>, No. 12 Civ. 850 (KBF), 2013 U.S. Dist. LEXIS 5995, at *10 (S.D.N.Y. Jan. 15, 2013) (quoting <u>Gross v. FBL Fin. Servs., Inc.</u>, 557 U.S. 167, 176 (2009)).  In other words, a plaintiff must prove, by a preponderance of the evidence, "that age was the 'but-for' cause of the challenged adverse employment action." <u>See</u> <u>Gross</u>, 557 U.S. at 176.

In order to establish *prima facie* case of age discrimination under the ADEA, a plaintiff must show that: (1) he is over forty years old; (2) he was qualified for the position; (3) he experienced an adverse employment action; and (4) such action occurred under circumstances giving rise to an inference of discrimination.  <u>See</u> <u>Gorzynski v. Jetblue Airways Corp.</u>, 596 F.3d 93,107 (2d Cir. 2010) (citing <u>Carlton v. Mystic Transp., Inc.</u>, 202 F.3d 129, 134 (2d Cir. 2000)). Accordingly, "[t]o survive a motion to dismiss, a plaintiff asserting an ADEA claim must 'plausibly plead ... that the circumstances surrounding an adverse employment action give rise to an inference of age discrimination.'"  <u>Kirkweg v. New York City Dep't of Educ.</u>, No. 12 Civ. 2635 (WHP), 2013 U.S. Dist. LEXIS 55042 at *11 (S.D.N.Y. April 4, 2013) (citing <u>Wolf v.</u>

Time Warner, Inc., No. 09 Civ. 6549 (RJS), 2012 U.S. Dist. LEXIS 136436 at *26 (S.D.N.Y. Sept. 17, 2012)).

        Here, Plaintiff has not alleged *any* facts in support of his age discrimination claim to render his claim plausible. "While he has alleged that he [was sixty-eight (68) years of age at the time of his termination], and therefore sufficiently pled that he is a member of the protected class, he has not otherwise set forth any facts to make his ADEA claim 'plausible on its face.'" Chang, 2012 U.S. Dist. LEXIS 50436 at *17.  With the exception of stating his age, Plaintiff's Amended Complaint is devoid of any facts linking his age to his termination or any other alleged adverse action.  See Kirkweg, 2013 U.S. Dist. LEXIS 55042 at *11 ("Because [plaintiff's amended complaint, liberally construed, fails to link the alleged discriminatory conduct to a protected characteristic, she does not state a plausible age discrimination claim.").

        The Second Circuit has observed,

> It is well-settled that an inference of discriminatory intent may be derived from a variety of circumstances, including, but not limited to: "the employer's continuing, after discharging the plaintiff, to seek applicants from persons of the plaintiff's qualifications to fill that position; or the employer's criticism of the plaintiff's performance in ethnically degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's discharge."

Leibowitz v. Cornell Univ., 584 F.3d 487, 502 (2d Cir. 2009) (quoting Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 37 (2d Cir. 1994) (internal citations omitted)).  Here, Plaintiff has not alleged that he was subjected to *any* such circumstances or conditions.  Although Plaintiff alleges that one of his supervisors, Ms. Gonzalez, asked him "why he did not retire, particularly given his illness," see Amended Complaint at ¶ 26, Plaintiff does not allege that this statement was

13

made *in connection with his age* nor can such an inference be plausibly drawn from the alleged remark.  Moreover, Plaintiff attributes these remarks to Ms. Gonzalez, while alleging that the recommendation for his termination was made by Ms. Hernandez, further undercutting any inference of age discrimination.  In any event, even assuming Ms. Gonzalez *was* a decision-maker for purposes of this motion, in an ADEA action, stray remarks of a decision-maker, without more, cannot prove a claim of employment discrimination.  See Abdu-Brisson v. Delta Air Lines, Inc., 239 F.3d 456, 468 (2d Cir. 2001); see also Posner v. Sprint/United Mgmt. Co., 478 F. Supp. 2d 550, 559 (S.D.N.Y. 2007) (in ADEA action, isolated remark by non-decision-maker insufficient to establish discriminatory motive).

Finally, any inference of discriminatory intent is significantly undermined or negated by the fact that, despite his earlier retirement from his position as a Coordinating Manager at Defendant Morrisania in 2003, Plaintiff was rehired by HHC in 2007, at the age of 65 to a senior managerial title, Assistant Director of Outreach at Defendant Morrisana.  It is well settled that "the inference of discrimination is much weaker where the plaintiff employee is well within the protected class when first hired."  O'Connor v. Viacom Inc., No. 93 Civ. 2399, 1996 U.S. Dist. LEXIS 5289, *21, (S.D.N.Y. Apr. 23, 1996), aff'd, 104 F.3d 356 (2d Cir. 1996).  As such, Plaintiff's claims for age discrimination must be dismissed for failure to state a claim.

C.      **Plaintiff Has Not Stated a Claim For Disability Discrimination**

The ADA prohibits employers from discriminating against employees on the basis of their disabilities.  See 42 U.S.C. § 12112(a); Munoz-Nagel v. Guess, Inc., No. 12 Civ. 1312 (ER), 2013 U.S. Dist. LEXIS 61710 at * 20 (S.D.N.Y. April 30, 2013).  In order to plausibly state a claim under the ADA, Plaintiff needs to set forth facts showing that: (1) Defendant is an employer subject to the ADA; (2) Plaintiff is disabled within the meaning of the ADA or perceived to be so by Defendant; (3) Plaintiff was otherwise qualified to perform the essential

functions with or without a reasonable accommodation; and (4) Plaintiff suffered an adverse employment action because of his disability.  See Brady v. Wal-Mart Stores, Inc., 531 F.3d 127 (2d Cir. 2008).

The ADA defines the term "disability," with respect to an individual, as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).  "Major life activities" are defined as including, but are not limited to:  "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

Even if a plaintiff establishes that one or more of his "major life activities" are limited, to allege a disability, a plaintiff must allege sufficient facts that his limitation is "substantial" for his claim to be plausible.    A plaintiff will not be regarded as disabled if the perceived disability is transitory, meaning it has an actual or expected duration of six months or less, and minor.  See Harris v. NYU Langone Med. Ctr., No. 12 Civ. 0454(RA) (JLC), 2013 U.S. Dist. LEXIS 99328 at *63 (S.D.N.Y. July 9, 2013); Davis v. New York City Dep't of Educ., No. 10 Civ. 3812 (KAM) (LB), 2012 U.S. Dist. LEXIS 5633, at *19 (E.D.N.Y. Jan. 18, 2012).

The ADA Amendments Act of 2008 ("ADAAA) (codified as amended at 42 U.S.C.A. §§ 12101-12102), set forth a new, more lenient, standard for determining whether an individual is "regarded as disabled."  Specifically, the ADAAA provides that "'[a]n individual meets the requirement of 'being regarded as having such an impairment' if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is

15

perceived to limit a major life activity.'" Laurent v. G & G Bus Serv., Inc., No. 10 Civ. 4055 (JGK) (LMS), 2011 U.S. Dist. LEXIS 77138 at *19 (S.D.N.Y. May 17, 2011) (quoting 42 U.S.C. § 12102(3)(A)) report & rec. adopted, 2011 U.S. Dist. LEXIS 74348 (S.D.N.Y. July 11, 2011).   Accordingly, while plaintiffs are no longer required to demonstrate that the perceived disability limits a major life activity, a plaintiff must still allege facts showing that the employer regarded the plaintiff as disabled.  See id. at *20-*21; see also Harris, 2013 U.S. Dist. LEXIS 99328 at *62-*63; Davis, 2012 U.S. Dist. LEXIS 5633, at *18.  While the ADA was amended in 2008, the amendments did not become effective until January 1, 2009, and courts in this Circuit have consistently held that those Amendments should not be applied retroactively to conduct occurring before that date.  See Kravar v. Triangle Servs., 2009 U.S. Dist. LEXIS 26459, at *12 n.3 (S.D.N.Y. Mar. 27, 2009); White v. Sears, Roebuck & Co., 2009 U.S. Dist. LEXIS 35554, at *14-*15 (E.D.N.Y. Apr. 27, 2009).  Accordingly, the ADA applies any alleged adverse actions by Defendant Morrisania prior to January 1, 2009, and the ADAAA applies to any alleged adverse action, including Plaintiff's termination, that Plaintiff complains of which took place after January 1, 2009.

In New York, the SHRL and CHRL offer broader definitions for the term "disability," as they include a "medically diagnosable impairment" within the definition.  See Reeves v. Johnson Controls World Servs., 140 F.3d 144, 155 (2d Cir. 1998); see also Spiegel v. Schulmann, 604 F.3d 72, 80-82 (2d Cir. 2010) (citing N.Y. Exec. Law §§ 292(21); N.Y. City Admin. Code §§ 8-102(16)(a), 8-102(16)(b)(1)).   Notwithstanding even these broader definitions of "disability" under the New York statutes, Plaintiff has failed to plausibly state a claim that he has a disability or was regarded by Defendant Morrisania as having a disability under any of the statutes relied upon in the Amended Complaint.  See Lee v. Sony BMG Music

Entm't, Inc., 557 F. Supp. 2d 418, 425-426 (S.D.N.Y. 2008) (recognizing that New York State and City laws define "disability" more broadly than the ADA, because plaintiff does not specify what her disability is, her disability discrimination claims under state and local law must [also] be dismissed").

        Specifically, Plaintiff has failed to identify the nature of his disability or allege *any* facts that support a plausible inference that Defendant Morrisania perceived him to be disabled. Indeed, it is unclear from a reading of the Amended Complaint what *specific* disability Plaintiff is even attempting to assert as the basis for his disability discrimination claims. See Lee, 557 F. Supp. 2d at 425 (plaintiff's disability discrimination claims dismissed where the complaint "does not even identify what [plaintiff's] disability is"). In one paragraph of the Amended Complaint, Plaintiff simply provides a "laundry list" of his medical conditions at the time of his initial retirement in 2003, without specifying whether any of these conditions affected a major life activity, or the duration, severity and extent of the listed conditions, particularly with regards to his re-employment in 2007. See Amended Complaint at ¶ 8. While Plaintiff indicates that he was diagnosed with prostate cancer in 2002, that he suffered from heart disease, high blood pressure, diabetes and "other ailments", and that he received a coronary stent implant prior to his initial hiring by Defendant Morrisania in 1998, all of these stated conditions are alleged to have affected Plaintiff well before he was re-hired post-retirement by Defendant Morrisania in 2007, and Plaintiff does not allege any facts in the Amended Complaint showing that Defendant Morrisania was aware of any of these conditions after 2003 or that any of these conditions were actually, or regarded by Defendant Morrisania to be, present and affecting Plaintiff beyond 2003. Accordingly, none of these listed medical conditions can serve as the basis for Plaintiff's "disability" claims in this action.

To the extent that Plaintiff is attempting to allege that his "wrist surgery" in April 2008, for which he took medical leave from April 2008 through August 2008, forms the basis of his disability claim, this too is devoid of any factual support and is therefore implausible. The fact that Plaintiff took medical leave for "wrist surgery", without more, is insufficient to establish that Plaintiff had, or was regarded by Defendant Morrisania to have had, any impairment related to his wrist for any period greater than the five months during which Plaintiff was out on leave. Such a transient condition does not, by definition, constitute a "disability" or "perceived disability" under the ADAAA. See Davis, 2012 U.S. Dist. LEXIS 5633, at *19. Furthermore, "a plaintiff will not automatically be found disabled upon presentation of records … of surgery regarding an impairment." Owens v. Longo, No. 06 Civ. 0281 (GLS)(DRH), 2008 U.S. Dist. LEXIS 985 at *16 (N.D.N.Y. January 7, 2008); see also Quintero v. Rite-Aid of N.Y., Inc., No. 09 Civ. 6084 (JLC), 2011 U.S. Dist. LEXIS 130920 at *45-*48 (S.D.N.Y. November 10, 2011).

Plaintiff does not allege that he was substantially limited in any way upon his return from medical leave because of his surgery nor does Plaintiff allege that he was regarded as "substantially impaired" by Defendant Morrisania upon his return from medical leave in August 2008. Plaintiff also does not allege that Defendant Morrisania decreased or diminished his responsibilities, and even if his supervisors had knowledge of his wrist surgery, such a fact "has no bearing on whether [Defendant Morrisania] regarded [Plaintiff] as limited in a major life activity." Id. at *49. Finally, even if Ms. Gonzalez made alleged remarks regarding Plaintiff's "being sick" in May of 2009, see Amended Complaint at ¶ 26, such comments are insufficient to plausibly allege that Defendant Morrisania regarded Plaintiff as disabled. See Hansberry v. Father Flanagan's Boys' Home, No. 03 Civ. 3006 (CPS), 2004 U.S. Dist. LEXIS 26937 at *20-*21 (E.D.N.Y. November 28, 2004) ("Stray offensive remarks with a minimal nexus to the

adverse employment action cannot raise an inference of discrimination, even when made by a decision maker.") (citations omitted).

Even if Plaintiff had made a sufficient factual showing that he had a disability or was regarded as having a disability by Defendant Morrisania, and assuming Plaintiff can make the requisite factual showing that he was qualified to perform his position with or without a reasonable accommodation, Plaintiff has still failed to plead a causal connection between his alleged disability and his termination.  See Lee, 557 F. Supp. 2d at 418.  "While 'there is no unbending or rigid rule about what circumstances allow an inference of discrimination when there is an adverse employment decision,' … a plaintiff cannot simply rely on the fact that [s]he was terminated.  Rather, [s]he must point to facts that suggest the termination was motivated, at least in part, by animus based on [her] alleged disability." Vinokur v. Sovereign Bank, 701 F. Supp.2d 276, 291 (S.D.N.Y. 2010) (quoting Lama v. Consolidated Edison Co., 1999 U.S. Dist. LEXIS 16966 *6-*7 (E.D.N.Y. October 18, 1999) (citations omitted)).

Here, Plaintiff fails to plausibly plead any causal connection or link between his alleged disability and his termination.[5]  Plaintiff himself acknowledges that his termination was recommended by Ms. Hernandez based upon his multiple negative performance reviews.  While Plaintiff alleges that some of these performance reviews were untimely and completed in May 2009, nine months after his return from medical leave, Plaintiff does not dispute the *substance* of those evaluations.  Specifically, while Plaintiff alleges he received praise for his efforts and work in March, July, October and November of 2007, including praise from Ms. Hernandez, he fails to

---

[5]  Plaintiff's termination is the only action alleged in the Amended Complaint that would constitute an adverse employment action as any change in Plaintiff's responsibilities or office location do not constitute adverse employment actions nor do negative performance evaluations.  This is especially true where Plaintiff's title, salary and benefits did not change.  See Weeks v. New York State (Div. of Parole), 273 F. 3d 76 (2d Cir. 2001); Cooper v. N.Y.S. Dept. of Human Rights, 986 F. Supp. 825 (S.D.N.Y. 1997).

allege receipt of any such praise for any work he completed after that time.   Consistent with these allegations, Plaintiff alleges that he was rated "fully competent" for the April 30, 2007 through October 2007 rating period, but that his performance was described as "needed improvement" for the following rating periods.   Moreover, Plaintiff specifically alleges that it was Ms. Gonzalez, and not Ms. Hernandez, who allegedly made the "discriminatory" remarks to him about his sickness, despite his allegations that Ms. Hernandez was the "decision-maker" who recommended his termination.   Accordingly, Plaintiff himself alleges a legitimate reason for his termination – multiple negative performance reviews – and fails to allege sufficient facts linking this termination to any actual or perceived disability by Ms. Hernandez.   Therefore, Plaintiff has failed to state a plausible claim for disability discrimination.

## CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that its motion to dismiss the Amended Complaint be granted, that an order dismissing the Amended Complaint be issued, that judgment in favor of Defendant be entered and that Defendants be granted such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            August 15, 2013

                        **MICHAEL A. CARDOZO**
                        Corporation Counsel of the
                          City of New York
                        Attorney for Defendant
                        100 Church Street, Room 2-186
                        New York, New York 10007
                        (212) 356-2016
                        lschmelz@law.nyc.gov


                        By:  _Leah S. Schmelzer_____
                             Leah S. Schmelzer
                             Assistant Corporation Counsel

Bruce Rosenbaum,
Leah S. Schmelzer,
   Of Counsel.